2017 UT App 37

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
VRATISLAV ROGER BILEK,
Appellant.

Per Curiam Decision
No. 20160285-CA
Filed March 2, 2017

Third District Court, West Jordan Department
The Honorable Bruce C. Lubeck
No. 141401370

Nathalie S. Skibine and Daniel M. Torrence,
Attorneys for Appellant

Sean D. Reyes and William M. Hains, Attorneys
for Appellee

Before JUDGES MICHELE M. CHRISTIANSEN, KATE A. TOOMEY, and
JILL M. POHLMAN.

PER CURIAM:

¶1    Vratislav Roger Bilek appeals the district court's order revoking his probation and imposing the suspended sentence of one to fifteen years in prison on his conviction of kidnapping, a second degree felony. We affirm.

¶2    This court reviews a district court's decision to revoke probation for an abuse of discretion. *See State v. Legg*, 2014 UT App 80, ¶ 7, 324 P.3d 656. "[W]e view the evidence of a probation violation in a light most favorable to the trial court's findings and substitute our own judgment only if the evidence is so deficient as to render the court's action an abuse of discretion." *State v. Maestas*, 2000 UT App 22, ¶ 12, 997 P.2d 314.

"To revoke probation, the trial court must find a violation of the probation agreement by a preponderance of the evidence." *Legg*, 2014 UT App 80, ¶ 10. The trial court must also find by a preponderance of the evidence that the violation was willful and was not the result of circumstances beyond the probationer's control. *Id.* "[A] single violation of probation is legally sufficient to support a probation revocation." *Id.* ¶ 11.

¶3　Bilek was charged with aggravated kidnapping, assault, and drug-related charges in two separate cases based upon two incidents in which he allegedly lured women to his apartment, detained them for several days, and assaulted them. As the result of a plea bargain, Bilek pleaded no contest to a single second degree felony kidnapping charge. The district court sentenced Bilek to the statutory prison term of one to fifteen years, suspended the prison term, and placed Bilek on sixty months of probation to be supervised by Adult Probation and Parole (AP&P). In addition to the standard and ordinary terms of probation, the district court imposed special conditions, including: "Not to possess or consume alcohol or non-prescribed controlled substances" and "No female overnight stays during probation without approval of Adult Probation and Parole."

¶4　About forty days after Bilek was placed on probation, Bilek's probation supervisor and another AP&P agent did a field visit to the extended stay hotel where Bilek was living. The agents observed a female, E.C., sitting on a bed in the room. E.C. stated that she was in the room because Bilek had bailed her out of jail. Although E.C. told the agents that she was only there for the day and that she lived with her mother in Utah County, E.C.'s mother did not corroborate that account. E.C. then admitted to the agents that she had stayed overnight with Bilek. The agents placed Bilek under arrest for violating conditions of his probation. In a search of the room incident to the arrest, the agents found what appeared to be heroin and methamphetamine, along with drug paraphernalia. Bilek consented to a search of his

phone, which contained numerous photos and videos of E.C., showing her unconscious or incoherent, clothed and naked, and lying naked on top of Bilek, who was also naked, with her face near his penis.

¶5    The original probation violation report prepared by AP&P listed three probation violations, alleging that Bilek had violated a special condition of his probation by having a female stay overnight in his room, as well as violating standard conditions of his probation by possessing heroin and methamphetamine. An amended probation violation report was prepared after the filing of new criminal charges against Bilek. The amended report alleged five additional violations: forcible sexual abuse; distributing, offering, or arranging for the distribution of a controlled substance; two acts of voyeurism by electronic equipment concealed or disguised; and possession of drug paraphernalia. The district court held an evidentiary hearing on the order to show cause why probation should not be revoked in conjunction with the preliminary hearing on the criminal charges.

¶6    At the evidentiary hearing, the AP&P agents testified about the field visit, their communication with E.C., and the discovery of drugs and drug paraphernalia in the hotel room. Subsequent testing of the substances collected from the hotel room indicated that those substances were heroin and methamphetamine. Bilek's probation supervisor testified that Bilek had signed a probation agreement that included both the standard and special probation conditions.

¶7    E.C. testified that on previous occasions she had performed sexual services for Bilek in exchange for money. At around 9:00 or 10:00 p.m. on January 30, 2016, Bilek bailed E.C. out of the Utah County Jail and drove her back to Salt Lake City to the hotel where he was staying. They stayed for a few minutes to allow E.C. to shoot up methamphetamine that Bilek had

provided, after which they went to a homeless shelter area to purchase illegal drugs. E.C. testified that she assisted Bilek in the purchase of heroin and crack cocaine by telling him who to buy it from. They returned to the hotel where E.C. used heroin and cocaine. Bilek assisted her by providing syringes. E.C. also saw Bilek shoot up methamphetamine that he already had in his possession. E.C. testified that the methamphetamine Bilek provided to her made her feel sick and that heroin makes her fall asleep. She testified that she woke up naked lying on Bilek, who also was naked. She did not know how her clothing came off. She was not aware that Bilek had taken photographs and videos of her. E.C. testified that she spent a total of three days in the hotel room with Bilek, including staying overnight.

¶8    At the end of the hearing, the district court found by a preponderance of the evidence that each of the allegations of the amended probation violation report and order to show cause were established and that the violations were willful and knowing. Defense counsel requested that Bilek be given another chance at probation and also argued that all of the activity with E.C. was consensual. The State requested that probation be revoked and the original prison sentence be imposed, noting similarities between the facts underlying the earlier charges and the new charges. Bilek addressed the court, claiming that the special probation conditions with which he disagreed—including the condition regarding no overnight visits by females—were dropped at the time of sentencing and therefore should be waived. The district court concluded that Bilek had agreed to the probation conditions, including the prohibition about overnight visits by females. The district court found that, even without the condition prohibiting overnight visits by females, it was a standard condition that Bilek not commit any new violations of the law. After finding that Bilek posed a danger to the public, the court revoked and terminated probation and ordered Bilek to serve one to fifteen years in prison.

¶9　Bilek challenges only the district court's findings related to the new charges of voyeurism by electronic equipment concealed or disguised in violation of Utah Code section 76-9-702.7. Specifically, Bilek argues that although he took photographs and videos of E.C. while she was unconscious, the statute requires that the equipment be "concealed or disguised," while the photographs and videos in this case "were taken openly from a cell phone." Bilek argues that the district court erred when it found that the device was concealed because E.C. was not conscious. However, it is unnecessary to our decision to consider this argument, and we decline to do so.

¶10　Bilek acknowledges that a single violation of probation is legally sufficient to support a probation revocation. However, relying upon *State v. Legg*, 2014 UT App 80, ¶¶ 11, 25, 324 P.3d 656, Bilek argues that if one probation violation was found in error and this court is not confident that the remaining violations would have resulted in a revocation of probation, the court should remand the case to the district court for further consideration and explanation. In *Legg*, the district court found that the defendant had violated probation "in three ways: (1) he knowingly possessed a controlled substance; (2) he failed to be cooperative, compliant, and truthful with his probation officer; and (3) he failed to establish a residence of record." *Id.* ¶ 6. Although this court affirmed the finding on the second probation violation, the court was "not confident that, standing on its own, the single violation that [it] affirm[ed] would have resulted in a revocation of probation." *Id.* ¶ 25. Accordingly, this court remanded for further consideration on the alleged violations of possession of a controlled substance and failure to establish a residence of record. *Id.*

¶11　The case now before this court is distinguishable from *Legg*. Bilek challenges only the findings based upon the charges of voyeurism. Bilek does not challenge the sufficiency of the evidence to support the district court's findings on any of the

remaining six probation violations. The evidence, when viewed in the light most favorable to the district court's findings, *see State v. Maestas*, 2000 UT App 22, ¶ 12, 997 P.2d 314, was sufficient to support its finding, by a preponderance of the evidence, that Bilek willfully violated the special condition of his probation that he could not have overnight visits with females without the approval of AP&P. Bilek's claim that the condition was dropped and should be waived is not supported by the record. Furthermore, both E.C.'s testimony and the physical evidence collected by the AP&P agents from the hotel room established, by a preponderance of the evidence, that Bilek purchased, possessed, and distributed methamphetamine and heroin, in violation of the conditions of his probation. Similarly, the evidence was sufficient to establish that Bilek possessed drug paraphernalia, i.e., syringes. Finally, the photographs and videos, even if not considered in the context of the voyeurism charge, depicted an incoherent or unconscious woman lying naked on top of naked Bilek with her head near his penis. Viewed in the light most favorable to the district court's findings, this evidence supported the district court's finding by a preponderance of the evidence that Bilek committed the offense of forcible sexual abuse. Unlike *Legg*, this case does not present the situation where this court would not be confident that the remaining six probation violations would support a probation revocation.

¶12    Under these circumstances, Bilek has not demonstrated that the district court abused its discretion in revoking probation and imposing the original prison sentence. Accordingly, we affirm.

———————