2020 UT App 8

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
JOEL EDWARD BOYSZA,
Appellant.

Opinion
No. 20180670-CA
Filed January 3, 2020

Third District Court, West Jordan Department
The Honorable L. Douglas Hogan
No. 141401252

Sarah J. Carlquist, Attorney for Appellant

Sean D. Reyes and Karen A. Klucznik, Attorneys
for Appellee

JUDGE MICHELE M. CHRISTIANSEN FORSTER authored this Opinion, in which JUDGES DAVID N. MORTENSEN and RYAN M. HARRIS concurred.

CHRISTIANSEN FORSTER, Judge:

¶1     As part of a plea agreement related to multiple counts of sexually abusing a child, Joel Edward Boysza agreed to complete an inpatient sex-offender treatment program in Minnesota. After completing a portion of the treatment program, Boysza was "adversely terminated" from the program during its final, outpatient transitional phase. The district court revoked Boysza's probation and reinstated his prison sentence. Boysza appeals the revocation, arguing that the district court erred when it concluded that he had willfully violated the terms of his probation. We affirm.

BACKGROUND

¶2    When Boysza's stepdaughter was fifteen, she told her sister that Boysza had been sexually abusing her for the past nine years. Boysza was charged with multiple counts of sexual abuse, forcible sexual abuse, rape, and object rape of a child. He pleaded guilty to one count of rape, and the State agreed to dismiss the remaining charges. As part of the plea agreement, Boysza agreed to complete an out-of-state inpatient sex-offender treatment program and serve ten years' probation with standard conditions applicable to sex offenders. The court accepted Boysza's plea, but it made clear to him that if he violated his probation "in any way, shape, or form," he would return to Utah for an order-to-show-cause hearing and the "original penalty[] would be back in play." At sentencing, the court further advised Boysza that he was required to "complete" inpatient sex-offender treatment, warning him, "If you get kicked out, that's a violation of your probation. We're right back here with a first degree felony hanging over your head." As relevant here, in addition to completing inpatient treatment, Boysza's probation agreement prohibited him from possessing any materials that acted as a stimulus for his deviancy and from having any contact with children under the age of eighteen.

¶3    In March 2016, Boysza entered an inpatient sex-offender treatment program with Alpha Human Services (Alpha) in Minnesota. Alpha's inpatient treatment had five phases—the first four consisting of inpatient therapy, with the final phase being post-residential transitional therapy. On entry, Boysza signed an agreement acknowledging the terms and conditions of his acceptance for admission into Alpha's residential sex-offender treatment program. Among other conditions, Boysza agreed (1) to "abide by all program rules and procedures," (2) that he would be terminated "for failing to make adequate progress in the program," (3) that he would not "successfully complete the program until" he had "demonstrated the ability to date" and "form intimate social relationships with appropriate age peers," and (4) that he would be subject to "termination from

the program" if he deleted text messages, photographs, or emails.

¶4     In November 2017, Boysza, who had by this point progressed to the final stage of the program, was "adversely terminated" by Alpha "[d]ue to his lack of compliance with the rules, repeated dishonesty and his unwillingness to take treatment seriously." Specifically, Alpha identified the following as among the reasons for Boysza's termination: (1) having photographs of his minor daughter, other minor children, and his victim (i.e., his stepdaughter) on his cellphone; (2) being partially nude with a woman he was dating during treatment and failing to follow treatment rules with regard to intimacy in appropriate places; (3) communicating indirectly with a minor; (4) grooming a dating partner to believe that he was in contact with his daughter; (5) lying to Alpha staff about the ages of his dating partner's children, about his dating partner's knowledge of his offense, and about the storage of photographs of his minor daughter on a memory disk; and (6) deleting photographs and texts from his cellphone without staff permission.

¶5     In its motion for order to show cause, the State alleged that Boysza violated his probation by possessing photographs that acted as a stimulus for his deviancy, failing to complete the inpatient sex-offender treatment program in Minnesota, and having contact with children under eighteen years of age. In his defense, Boysza testified that he never used the photographs as a stimulus. He also testified that he thought he was finished with the treatment program because he had completed its inpatient portions and was "free to go." But Boysza's therapist from Alpha testified that such a dichotomy between the inpatient and residential phases of the treatment program was artificial. She stated that once Boysza completed the inpatient portion of the program, he segued to the outpatient portion. "But [he was] not done with the program. [He was] only done with part of the program," and he would not be discharged until he had completed the entire program. His therapist further noted that Boysza had been told "on more than one occasion" that he

would be discharged from the program only after having completed all its phases.

¶6     While the district court determined that the State had submitted sufficient evidence for it to find that Boysza had violated his probation in several respects, the court was most concerned about Boysza's failure to complete the inpatient treatment program. In summary, the court stated, "The key to the probation in this entire arrangement was that you successfully complete the programming. I don't believe that could have been made any more clear the day of sentencing how important that was for you and you failed." The court then revoked Boysza's probation and imposed the original sentence of five years to life. Boysza appeals.

## ISSUE AND STANDARD OF REVIEW

¶7     The sole issue on appeal is whether the district court erred when it revoked Boysza's probation, finding that he had willfully violated its terms and conditions. "The decision to grant, modify, or revoke probation is in the discretion of the [district] court." *State v. Johnson*, 2012 UT App 118, ¶ 2, 276 P.3d 1254 (quotation simplified). Moreover, a district "court's determinations underlying its conclusion that [a] defendant violated his probation are findings of fact [that this court] will not disturb unless clearly erroneous, i.e., against the clear weight of the evidence." *State v. Maestas*, 2000 UT App 22, ¶ 12, 997 P.2d 314. Thus, "we view the evidence of a probation violation in a light most favorable to the [district] court's findings and substitute our own judgment only if the evidence is so deficient as to render the court's action an abuse of discretion." *Id.*

## ANALYSIS

¶8     "To revoke probation, the [district] court must find a violation of the probation agreement by a preponderance of the

evidence. In addition, the [district] court must find, also by a preponderance of the evidence, that the violation was willful, and not merely the result of circumstances beyond the probationer's control." *State v. Snyder*, 2015 UT App 172, ¶ 7, 355 P.3d 246 (quotation simplified). And it is well-settled "that a single violation of probation is legally sufficient to support a probation revocation." *State v. Legg*, 2014 UT App 80, ¶ 11, 324 P.3d 656; *accord State v. Bilek*, 2017 UT App 37, ¶ 2, 392 P.3d 990 (per curiam); *Snyder*, 2015 UT App 172, ¶ 7.

¶9　　Here, to revoke Boysza's probation and impose the original prison sentence, the district court was required to find that Boysza willfully violated at least one of the terms of his probation, and it determined that Boysza had failed to complete the inpatient therapy program in Minnesota. A determination that Boysza willfully failed to complete the inpatient therapy program required "a finding that the probationer did not make bona fide efforts to meet the conditions of his probation." *State v. Hoffman*, 2017 UT App 173, ¶ 10, 405 P.3d 855 (quotation simplified). In *Hoffman*, this court concluded that a defendant who became treatment resistant by refusing to engage in group treatment and by adopting a defensive attitude had failed to make a bona fide effort to complete the sex-offender treatment program. *Id.* ¶ 12. Similarly here, we cannot conclude that there was any error in the district court's determination that Boysza resisted the benefits of treatment by intentionally engaging in a pattern of "dishonesty" and an "unwillingness to take treatment seriously." As the district court observed, Boysza was well-aware of the treatment program's rules because he had agreed to follow them when he was admitted to the program. We also cannot perceive any error in the court's finding that Boysza repeatedly broke the rules of the program by having prohibited images on his cellphone, engaging in inappropriate displays of affection in public places, lying to Alpha's staff about an array of proscribed behaviors, and deleting photographs and texts without staff permission. All of these actions constituted deliberate choices by Boysza not to follow the rules of Alpha and therefore supported the district court's conclusion that Boysza

had not made a good faith effort to complete inpatient treatment. In short, Boysza knew Alpha's rules and chose not to obey them, so he was "adversely terminated" from the program. His failure to follow the rules was not "accidental, the product of coercion, or the result of an honest mistake." *See Snyder*, 2015 UT App 172, ¶ 14. Rather, his failure to complete the program represented a willful violation of the terms of his probation.

¶10 The distinction Boysza makes between the inpatient and transitional portions of Alpha's residential sex-offender treatment program strikes us as artificial and unpersuasive. Boysza's own therapist stated that Alpha offered Boysza one program—not an inpatient and an outpatient program—and that Boysza was made aware of the singular nature of the program. Boysza, contrary to his representation otherwise, was explicitly told that he would not be considered to have completed the residential program until he had completed both its inpatient and transitional portions. Far from being a separate program, the transitional phase was integral to the program required by the terms of Boysza's probation. Because Boysza engaged in actions that resulted in his termination during the transitional phase of the program, we can see no error in the court's determination that Boysza did not complete the inpatient sex-offender treatment program and violated the terms of his probation.

CONCLUSION

¶11 The district court did not abuse its discretion when it concluded that Boysza violated the terms of his probation and, consequently, revoked his probation and reinstated his prison sentence. Affirmed.

_____